**LOWENSTEIN SANDLER PC**
Attorneys at Law
1251 Avenue of the Americas
New York, New York 10020
212.262.6700
Christopher S. Porrino (CP-4028)
Attorneys for Defendant
Capital Systems, L.L.C.

### IN THE UNITED STATES DISTRICT COURT
### SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| BIND-RITE SERVICES, INC., <br><br>  Plaintiff, <br><br> vs. <br><br> CAPITAL SYSTEMS, L.L.C., <br><br>  Defendant. | DOCUMENT ELECTRONICALLY FILED <br><br> Case No. 08-cv-05713 (RJS) <br><br> **DEFENDANT CAPITAL SYSTEMS, L.L.C'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT** |

Defendant Capital Systems, L.L.C., ("Defendant" or "Capital"), by its attorneys, Lowenstein Sandler PC, for its Answer to the Complaint of Bind-Rite Services, Inc. ("Plaintiff"), states as follows:

### THE PARTIES

1. Capital is without sufficient knowledge or information to admit or deny the allegations contained in Paragraph 1 of the Complaint and leaves Plaintiff to its proofs.

2. Capital admits the allegations contained in Paragraph 2 of the Complaint.

3. Capital denies the allegations contained in Paragraph 3 of the Complaint.

### JURISDICTION AND VENUE

4. Paragraph 4 of Plaintiff's Complaint contains legal conclusions as to which no responses are required.

5. Paragraph 5 of Plaintiff's Complaint contains legal conclusions as to which no responses are required.

6. Capital denies the allegations contained in Paragraph 6. Certain of the allegations contained in Paragraph 6 are conclusions of law and no answer is required.

7. Paragraph 7 of Plaintiff's Complaint contains legal conclusions as to which no responses are required.

## THE SUBJECT OF THIS ACTION

8. Capital denies the allegations contained in Paragraph 8 of the Complaint, except admits that Capital placed orders with Plaintiff.

9. Capital denies the allegations contained in Paragraph 9, except admits that Bind-Rite commenced the within action.

## FACTUAL ALLEGATIONS COMMON TO ALL COUNTS

10. Capital is without sufficient knowledge or information to admit or deny the allegations contained in Paragraph 10 of the Complaint and leaves Plaintiff to its proofs.

11. Capital denies the allegations contained in Paragraph 11 of the Complaint.

12. Capital is without sufficient knowledge or information to admit or deny the allegations contained in Paragraph 12 of the Complaint and leaves Plaintiff to its proofs.

13. Capital denies the allegations contained in Paragraph 13 of the Complaint and refers to the original agreements referenced in said Paragraph 13 for the true terms and conditions thereof.

14. Capital denies the allegations contained in Paragraph 14 of the Complaint and refers to the referenced documents for the true terms and conditions thereof.

15. Capital denies the allegations contained in Paragraph 15 of the Complaint, except admits that Capital placed orders with Plaintiff.

16. Capital denies the allegations contained in Paragraph 16 of the Complaint and refers to the original documents referenced in said Paragraph 16 for the true terms and conditions thereof.

17. Capital denies the allegations contained in Paragraph 17 of the Complaint, except admits that Capital placed orders with Plaintiff.

**AS AND FOR A FIRST CAUSE OF ACTION**
**(Breach of Contract)**

18. Capital repeats and realleges its responses to Paragraphs 1-17 as if set forth at length herein.

19. Capital denies the allegations contained in Paragraph 19 of the Complaint.

20. Capital denies the allegations contained in Paragraph 20 of the Complaint.

21. Capital denies the allegations contained in Paragraph 21 of the Complaint.

**AS AND FOR A SECOND CAUSE OF ACTION**
**(Goods Sold and Delivered)**

22. Capital repeats and realleges its responses to Paragraphs 1-21 as if set forth at length herein.

23. Capital denies the allegations contained in Paragraph 23 of the Complaint, except admits that Capital placed orders with Plaintiff for which Plaintiff was substantially compensated.

24. Capital denies the allegations contained in Paragraph 24 of the Complaint, except admits that Capital placed orders with Plaintiff for which Plaintiff was substantially compensated.

25. Capital denies the allegations contained in Paragraph 25 of the Complaint.

26. Capital denies the allegations contained in Paragraph 26 of the Complaint.

**AS AND FOR A THIRD CAUSE OF ACTION**
**(Quantum Meruit)**

27. Capital repeats and realleges its responses to Paragraphs 1-26 as if set forth at length herein.

28. Capital denies the allegations contained in Paragraph 28 of the Complaint.

29. Capital denies the allegations contained in Paragraph 29 of the Complaint.

30. Capital denies the allegations contained in Paragraph 30 of the Complaint.

31. Capital denies the allegations contained in Paragraph 31 of the Complaint.

32. Capital denies the allegations contained in Paragraph 32 of the Complaint.

**AS AND FOR A FOURTH CAUSE OF ACTION**
**(Unjust Enrichment)**

33. Capital repeats and realleges its responses to Paragraphs 1-32 as if set forth at length herein.

34. Capital denies the allegations contained in Paragraph 34 of the Complaint.

35. Capital denies the allegations contained in Paragraph 35 of the Complaint.

**AS AND FOR A FIFTH CAUSE OF ACTION**
**(Account Stated)**

36. Capital repeats and realleges its responses to Paragraphs 1-35 as if set forth at length herein.

37. Capital denies the allegations contained in Paragraph 37 of the Complaint.

38. Capital denies the allegations contained in Paragraph 38 of the Complaint.

39. Capital denies the allegations contained in Paragraph 39 of the Complaint.

40. Capital denies the allegations contained in Paragraph 40 of the Complaint.

**AFFIRMATIVE DEFENSES**

**FIRST AFFIRMATIVE DEFENSE**

The Complaint is barred by the statute of limitations.

**SECOND AFFIRMATIVE DEFENSE**

The Complaint fails to state a claim upon which relief may be granted.

**THIRD AFFIRMATIVE DEFENSE**

The Complaint is barred by prior payment(s) including, but not limited to, the doctrine of accord and satisfaction.

**FOURTH AFFIRMATIVE DEFENSE**

The Defendant reserves its right to assert further defenses which may be applicable on all matters as discovery may reveal or will be directed with respect to this Complaint or any amendment thereto.

WHEREFORE, Defendant demands entry of judgment as follows:

      a)    Dismissing the Complaint with Prejudice;

      b)    Awarding Defendant its costs and disbursements of this action, together with reasonable attorney's fees; and

      c)    Awarding Defendant such other and further relief as the Court deems just and proper.

                                By:    s/Christopher S. Porrino
                                          Christopher S. Porrino (CP-4028)
                                          **LOWENSTEIN SANDLER PC**
                                          Attorneys At Law
                                          1251 Avenue of the Americas
                                          New York, New York 10020
                                          212.262.6700
                                          cporrino@lowenstein.com

Dated: July 28, 2008